FILED
SUPERIOR COURT
OF GUAM

2014 SEP 11 PM 2: 29

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF
## GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | **CRIMINAL CASE NO. CF0268-14** |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| STEVEN EARL CAMACHO, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's Motion to Suppress was taken under advisement by the Honorable Judge Michael J. Bordallo on September 4, 2014, subsequent to an evidentiary hearing. At the hearing the Defendant was represented by Assistant Public Defender Richard S. Dirkx. The People of Guam were represented by Assistant Attorney General Nicole D. Driscoll. Having considered the evidences presented the Court now enters an order DENYING Defendant's motion to suppress.

### BACKGROUND

On June 6, 2014, Defendant was indicted on charges of Attempted Burglary to a Motor Vehicle (As a Second Degree Felony) and Criminal Mischief to a Motor Vehicle (As a 3rd Degree Felony).

On July 18, 2014, Defendant filed a motion to suppress. Mot. at 1. In support of this request Defendant argues that; 1) There was no reasonable suspicion to detain him; 2) There was a warrantless search of the car owned by Elma C. Aguon; and 3) The show up identification was done in an impermissible way. *Id.* In support of his motion Defendant made an initial unverified assertion of facts supporting the above arguments.

The People filed their opposition to Defendant's motion on August 13, 2014. Opp. at 2. In support of their opposition the People argue and assert that prior to stopping and questioning the Defendant that there were sufficient corroborating facts to justify their actions and that prior to searching the vehicle the Defendant passenger, and driver, a Ms. Elma C. Aguon, gave their verbal consent that the vehicle be searched. *Id.*

Defendant did not file a paper in reply. The Court set an evidentiary hearing to resolve the factual disputes for September 4, 2014.

### DISCUSSION

Citing its prior precedent, in 1972, the U.S. Supreme Court held that "the controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence." *United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974). Once a suppression hearing has been set, this burden falls upon the People. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986). Last year the Guam Supreme Court re-explained that "to support an officer's investigative detention of a suspect an officer need only have a reasonable suspicion that an individual was engaged in or is about to be engaged in illegal conduct." *Guam v. Taman*, 2013 Guam 22 ¶ 22 (citation omitted). In 2006 the Supreme Court of Guam explained,

> [v]oluntary consent is a recognized exception to the warrant requirement. . . . (while) the Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects. The

prohibition does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched, or from a third party who possesses common authority over the premises.

*People of Guam v. Cundiff*, 2006 Guam 12 ¶ 46 (parenthetical added). The *Cundiff* Court further held that in a suppression hearing, "[t]he People bear the burden of proving, by a preponderance of the evidence, that consent was given voluntarily." *Id.* at 49. It further explained that,

> [V]oluntariness is determined from the totality of the circumstances.... Factors in determining voluntariness include: 1) whether the defendant was detained and the length of time of the questioning; 2) whether the defendant was threatened or intimidated by the police; 3) whether the defendant relied on misrepresentations or promises made by the police; 4) whether the person was in custody or under arrest when the consent was given; 5) whether the person was in a public or a secluded place; and 6) whether the defendant objected to the search.

*Id.*

In this case the Court finds that the People have met their requisite burdens of showing adequate justification for the temporary detention and subsequent search of the Defendant and the vehicle. There was sufficient evidence presented for the Court to find the following facts by a preponderance:

1) At about 12:57 p.m. Ms. Julie Mangefel was parked at the Agana Shopping Center/SM Store parking lot;
2) As she exited the store she noticed a male individual was standing by her driver's side car door, acting suspiciously, and constantly looking around;
3) The male, heavy set, 5'5," local, with short black hair and a dark complexion, wearing a dark shirt, got into the passenger side of a vehicle driven by local female with wavy hair, and drove away;
4) When Ms. Mangefel went to her car she noticed that the driver side door lock was damaged and the black plastic key hole cover was laying on the ground beside her vehicle;
5) Ms. Mangefel took down the Defendant's license plate of the car, called the police, and gave them a description of the vehicle and its occupants;
6) Police located a vehicle and persons matching the descriptions provided at the Subway in Barrigada;
7) Without activating their lights they parked in a manner which made it difficult for the suspect vehicle to leave and approached the vehicle, and as they approached the Defendant exited his vehicle;

8) After Defendant exited the vehicle the officers felt their safety was at risk and drew their weapons and separated the Defendant and female driver to different locations;

9) In these separate locations the Defendant and a female driver were temporarily detained and asked if they would give consent to search the vehicle;

10) Both the Defendant and the female driver gave consent to search the vehicle;

11) Inside the passenger side of the vehicle the officers found a small tool bag;

12) A while crystalline substance, which tested positive, for methamphetamine was also recovered from the vehicle, in a search that lasted approximately five minutes; and

13) While the Defendant and the female passenger were in handcuffs, Ms. Mangafel was driven to the Subway and while looking from the interior of a patrol car, she identified the two persons as those she has seen by her vehicle.

The corroborating description of the Defendant and the vehicle, as well as his behavior upon approach, were sufficient to support a finding of reasonable suspicion justifying his and the female driver's temporary detention. *Taman*, 2013 Guam 22 ¶ 22. Additionally the Court finds from a review of the above facts and the temperament and demeanor of the witnesses at the hearing that the consent to search the vehicle was voluntarily given. *Cundiff*, 2006 Guam 12 ¶ 46. Defendant presented no persuasive evidence to adequately impeach or otherwise allow this Court to support a finding to rebut the above conclusions.

### CONCLUSION

For the foregoing reasons the Defendant's motion is DENIED. Having disposed of the motion to dismiss further proceedings in this matter are hereby set for _Sept 16_, 2014 at _9:W_ _A_ m.

**SO ORDERED** this _11_ of _Sept_ 2014.

_____
**HONORABLE MICHAEL J. BORDALLO**
**JUDGE, SUPERIOR COURT OF GUAM**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG PDSC

Date: 9/16/14  Time: 2:30PM

Deputy Clerk, Superior Court of Guam